IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ACEMLA DE PUERTO RICO, INC.; LATIN AMERICAN MUSIC COMPANY, INC.<br><br>Plaintiff,<br><br>v.<br><br>BANCO POPULAR DE PUERTO RICO, INC.; FUNDACION BANCO POPULAR, INC.; COMPANIES A TO Z; JOHN DOE<br><br>Defendants. | Civil No.: 13-1 822(CCC)<br><br><br>Willful Infringement of Copyright; Injunctive Relief and Demand for Jury Trial |

### CO-DEFENDANTS' BANCO POPULAR DE PUERTO RICO, INC. AND FUNDACION BANCO POPULAR INC.'S ANSWER TOTHE COMPLAINT

TO THE HONORABLE COURT:

COME NOW co-defendants Banco Popular, Inc. ("BPPR") and Fundación Banco Popular, Inc. ("Fundación") (collectively, "Defendants") and in answer to the Complaint, respectfully aver and pray:

I. JURISDICTIONAL ALLEGATIONS[1]

1. Paragraph 1 of the Complaint avers jurisdiction over the subject matter and Defendants and venue. It is a legal conclusion for which no responsive allegation is required. To the extent one were required, Defendants admit that this action purports to arise under the Copyright Act, that there is personal jurisdiction over them and that venue is properly laid.

II. NATURE OF THE ACTION

---

[1] For ease of reference, we use the same headings as were used in the Complaint, albeit without admitting that such headings are correct or that they assert any matter truthfully.

In response to the unnumbered paragraph appearing under sub-heading II of the Complaint, Defendants admit that Plaintiffs are attempting to assert a civil copyright infringement action. Defendants affirmatively allege that Plaintiffs have no viable copyright infringement claim and are entitled to no damages.

### III.   THE PARTIES

1. The first sentence of Paragraph 1 of Section III of the Complaint is admitted. The second sentence is denied for lack of information sufficient to form a belief as to the truthfulness of the allegation.

2. Paragraph 2 of Section III of the Complaint is denied for lack of information sufficient to form a belief as to the truthfulness of the allegation.

3. Paragraphs 3 and 4of Section III of the Complaint are admitted.

4. Paragraphs 5 and 6 of Section III of the Complaint are directed at unnamed, John and Jane Doe Defendants and requires no response from Defendants.

### IV.   STATEMENT OF THE FACTS

**Facts Common to All Causes of Action**

5. Paragraphs 7 and 8 of Section IV of the Complaint are denied as ambiguous, vague and for lack of insufficient information to form a belief as to the truthfulness of the allegation.

6. As to Paragraph 9 of Section IV of the Complaint, it is admitted that BPPR produces and broadcasts a yearly television special typically aired during the Christmas season and that at least some of those specials are thereafter sold in DVDs for a limited time thereafter. The remainder of the paragraph, as drafted, is denied.

7. As to Paragraph 10 of Section IV of the Complaint, it is admitted that the television specials referred to in the preceding paragraph typically include the works of Puerto

Rican authors and musicians. It is affirmatively alleged that BPPR obtains the necessary authorizations and/or licenses from the persons and entities whose works are featured in said specials and that Plaintiffs have no viable copyright infringement claim as against Defendants.

8. As to Paragraph 11 of Section IV of the Complaint, it is admitted that for some of the specials it has aired, for a limited time after the special was broadcasted, BPPR sold DVDs of the show and/or CDs of the music. The remainder of the paragraph, as drafted, is denied.

9. Paragraph 12 of Section IV of the Complaint is denied as drafted.

10. Paragraph 13 of Section IV of the Complaint is denied as drafted. BPPR has derived no revenues from the television specials. All funds derived from such specials benefit the Fundación, a not for profit entity that uses its funds in various charitable and public assistance projects and endeavors.

11. Paragraph 14 of Section IV of the Complaint is vague and ambiguous and therefore denied for lack of information sufficient to form a belief as to the truthfulness of the allegations contained therein.

12. Paragraph 15 of Section IV of the Complaint is admitted.

13. Paragraphs 16 through 19 of Section IV of the Complaint are denied.

### Specific Instances of Infringement

### COUNT I:

14. Paragraphs 20 through 28 of Count I of the Complaint, are admitted only insofar as they state that in 1995 BPPR issued and aired a television special known as "Somos un solo pueblo" which included the work "Un jíbaro termina'o" by Baltazar Carrero.

Defendants further admit that ACEMLO/LAMCO claim to have copyright ownership of said work. The remaining allegations are denied. Defendants affirmatively allege that all necessary licenses for the work "Un jíbaro termina'o" were obtained and that Plaintiffs have already claimed and settled and received satisfaction for their claims arising out of the alleged copyright infringement related to the television special "Somos un solo pueblo" and "Un jíbaro termina'o" in particular. Defendants further affirmatively allege that any copyright infringement claim related to this television special is time-barred.

## COUNT 2:

15. Paragraphs 29 through 38 of Count 2 of the Complaint are admitted only insofar as they state that in 2001 BPPR issued and aired a television special known as "Raíces" which included the work "Las Ingratitudes," or part thereof, by Margarita Rivera. The remaining allegations are denied. Defendants affirmatively allege that Plaintiffs have no rights over the works "Las Ingratitudes" or "Maquinolandera" and that such rights are administered and controlled by a different entity, Lamrica, Inc. Defendants further affirmatively allege that any copyright infringement claim related to this television special is barred, as Plaintiffs already sued Defendants over this television special and, in any event, time-barred.

## COUNT 3

16. Paragraphs 39 through 67 are admitted only insofar as they state that in 2004 BPPR issued and aired a television special known as "En mi país" and that the songs "Canto a Borinquen" by Florencio Morales Ramos, "Cosas de Campo" by Felipe Rosario Goyco, "Llegó la Navidad" by Raúl Blaseiro, "Volvió Juanita" by Estercita Forero, and "Pa'los

pueblos" by Héctor Lavoe were included. The remaining allegations are denied. Defendants affirmatively allege that Plaintiffs do not have the copyright over such works of Florencio Morales, Raúl Blaseiro, and Héctor Lavoe. Such copyrights are owned and/or controlled by different entities. Defendants further affirmatively allege that any copyright infringement claim related to this television special is barred by previous litigation and/or time barred.

## COUNT 4

17. Paragraphs 68 through 81 are admitted only insofar as they state that in 2005 BPPR issued and aired a television special known as "Queridos Reyes Magos" and that the song "La botellita" by Ernesto Carattini was included therein. The remaining allegations are denied. Defendants affirmatively allege that the composer of "Caminan las nubes" is Julio Rodríguez Burgos, not José Ortiz, and that it was Mr. Rodríguez-Burgos' work which was used in the special at issue. Defendants further affirmatively allege that Plaintiffs do not have the copyright over such works and that any copyright infringement claim related to this television special is barred by previous litigation and/or time-barred.

## COUNT 5

18. Paragraphs 82 through 90 are admitted only insofar as they state that in 2010 BPPR issued and aired a television special known as "Salsa, Un Homenaje al Gran Combo" and that the song "Ojos Chinos" by Kito Vélez was included therein. The remaining allegations are denied. Defendants affirmatively allege that Plaintiffs do not have copyright over such work. Defendants further affirmatively allege that another entity controls the licensing for this work and that BPPR obtained the necessary license.

Defendants further allege that any copyright infringement claim related to this television special is barred by previous litigation and/or time-barred.

## COUNT 6

19. Paragraphs 91 through 105 are admitted only insofar as they state that in 2012 BPPR issued and aired a television special known as "Hecho con sabor a Puerto Rico" and that the songs "Canto a Borinquen" by Florencio Morales Ramos and "Boricua en la luna" (lyrics by Juan Antonio Corretjer, musical composition by Roy Brown) were included therein. Defendants affirmatively allege that the work "No hay cama pa' tanta gente" was not included in "Hecho con sabor a Puerto Rico." Defendants further affirmatively allege that Plaintiffs do not have copyright over the works "Canto a Borinquen" and "Boricua en la luna." Defendants further affirmatively allege that other persons and/or entities control the licensing over such works and that BPPR obtained the necessary licenses. Defendants affirmatively allege that any copyright infringement claim related to this television special is barred by previous litigation and/or time-barred.

## FIRST CAUSE OF ACTION

20. In response to Plaintiffs' allegations in paragraphs 106 through 119 of the Complaint, Defendants reiterate and reallege all previous allegations in this answer. Paragraphs 106 through 119 of the Amended Complaint are denied.

## SECOND CAUSE OF ACTION

21. In response to Plaintiffs' allegations in paragraphs 120 through 124, Defendants reiterate and reallege all previous allegations in this answer. Defendants further affirmatively allege that Plaintiffs are not entitled to any of the relief claimed in paragraphs 120 and 124 and deny such paragraphs.

## PRAYER FOR RELIEF

In response to the "Prayer for Relief" at p. 19 through 20, Defendants deny that Plaintiffs are entitled to any of the relief requested and claimed. Defendants affirmatively allege that Plaintiffs have no viable copyright infringement claim, that Defendants did not infringe their copyrights as alleged, that Defendants did not derive any profits from the television specials at issue, that the claims are time-barred or barred by *res judicata* and/or collateral estoppel and that, in any event, statutory damages and/or attorney's fees as claimed are unavailable for failure to register before the alleged infringement took place.

## AFFIRMATIVE DEFENSES

1. Defendants reaffirm and reiterate all previous allegations in this Answer and deny any allegations in the Complaint not specifically admitted in this Answer.

2. The Complaint fails to state a claim upon which relief can be granted.

3. Plaintiffs lack standing.

4. Plaintiffs lack copyright ownership over the works claimed in the Complaint.

5. Plaintiffs lack the right to license or control the works at issue in the Complaint. Such rights are owned, administered and/or controlled by entities other than Plaintiffs.

6. Plaintiffs are barred by final judgments and/or settlements in several cases from claiming ownership of the songs referenced in the Complaint.

7. Plaintiffs are barred by their own prior litigation with Defendants and/or settlements therewith from claiming copyright infringement regarding songs or specials as to which they already sued Defendants for infringement.

8.      Plaintiffs have settled and received full satisfaction for at least some of their claims regarding the television specials referenced in the Complaint.

9.      Plaintiffs' claims are time-barred.

10.     Plaintiffs claims are barred by the doctrine of *laches*.

11.     Plaintiffs have unclean hands.

12.     Plaintiffs have waived their claims.

13.     The Complaint is barred by estoppel, res judicata, claim splitting and/or collateral estoppel.

14.     Plaintiff are not entitled to receive statutory damages, attorneys fees or costs as they did not register the works in question prior to the acts alleged in the complaint.

15.     Defendants have not received any income, much less profits from the acts alleged in the Amended Complaint.

16.     Plaintiff is not entitled to receive any damages, and the damages requested are excessive.

17.     Innocent infringement.

18.     Misuse of copyright.

19.     First sale doctrine.

20.     Lack of indispensable party: the true copyright owners of the works at issue.

21.     The use of the works of which Plaintiff complains is protected by the doctrine of Fair Use.  The use of the works was *de minimis,* transformative, the Defendants did not derive

any revenues or profits, and the use did not negatively affect the potential market or value for the works.

**WHEREFORE,** BPPR respectfully requests that this Honorable Court take notice of the foregoing and grant the request for extension of time.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, on this 28th day of January 2014.

It is hereby certified that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**PIETRANTONI MÉNDEZ & ÁLVAREZ LLC**
**Attorneys for Banco Popular de Puerto Rico and Fundación Banco Popular, Inc.**
Popular Center, 19th Floor
208 Ponce de León Ave.
San Juan, Puerto Rico, 00918
Tel: (787) 274-1212
Fax: (787) 274-1470


S/ NÉSTOR M. MÉNDEZ-GÓMEZ
Néstor M. Méndez Gómez
USDC-PR Bar No. 118409
nmendez@pmalaw.com

S/ MARÍA DOLORES TRELLES HERNÁNDEZ
María Dolores Trelles Hernández
USDC-PR Bar No. 225106
mtrelles@pmalaw.com

s/ LUIS N. SALDAÑA
Luís N. Saldaña
Bar Number: 208001
Attorney for Banco Popular de Puerto Rico
SALDAÑA, CARVAJAL & VÉLEZ-RIVÉ, P.S.C.
Ave. De la Constitución 166
San Juan, Puerto Rico 00901
Phone: 787-289-9250

Fax:   787-289-9253
E-Mail: lsaldana@scvrlaw.com


s/ MIGUEL J. ORTEGA NÚÑEZ
Miguel J. Ortega Núñez
Bar Number: 220609
Attorney for Banco Popular de Puerto Rico
SALDAÑA, CARVAJAL & VÉLEZ-RIVÉ, P.S.C.
Ave. De la Constitución 166
San Juan, PR 00901
Tel. (787) 289-9250
Fax. (787) 289-9253
E-Mail: mortega@scvrlaw.com