IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ACEMLA DE PUERTO RICO, INC.;
LATIN AMERICAN MUSIC
COMPANY, INC.

Plaintiffs

vs

BANCO POPULAR DE PUERTO
RICO, INC.; FUNDACION BANCO
POPULAR, INC.; COMPANIES A
to Z; JOHN DOE

Defendants

CIVIL 13-1822CCC

## STATEMENT OF REASONS:  FINDINGS OF FACT AND CONCLUSIONS OF LAW

This is an action for violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.  Plaintiffs ACEMLA de Puerto Rico, Inc. (ACEMLA) and Latin American Music Company, Inc. (LAMCO) claim that they own the copyrights to several songs that were used without authorization or payment of royalties in yearly music Christmas Specials which they further allege are produced and/or distributed by defendants Banco Popular de Puerto Rico, Inc. (BPPR) and Fundación Banco Popular (Fundación).

On September 30, 2015, upon reviewing the Motion for Summary Judgment (**D.E. 32**) and the Statement of Uncontested Facts (D.E. 33) filed by defendant BPPR and Fundación on January 20, 2015, plaintiffs' Response (D.E. 50) and their Memorandum of Law in Opposition (D.E. 51) both filed on March 13, 2015, defendants' Reply filed on April 2, 2015 (D.E. 58) and the applicable law and jurisprudence, said Motion for Summary Judgment (**D.E. 32**) was GRANTED.  A review of the uncontested facts and applicable law led us to conclude then, and we now explain in this statement of reasons which constitute the Court's findings of fact and conclusions of law, that Plaintiffs'

CIVIL 13-1822CCC                              2

claims were barred by the statute of limitations with regards to the pre-2010 Christmas Specials and by *res judicata*/collateral estoppel with regards to the 2010 and 2012 Christmas Specials.[1]  We set out the facts only as they relate to Plaintiffs' claims and to these particular defenses.

ACEMLA and LAMCO are, respectively, a performance rights organization and a music publisher.  D.E. 33 and D.E. 50 at ¶¶ 1 and 3.  They claim on their copyright infringement complaint that they have acquired rights over a vast catalogue of Latin American songs through contracts with the original copyright owners.  Specifically, they claim copyright over the following songs:

1.  Un jíbaro termina'o
2.  Las Ingratitudes
3.  Maquinolandera
4.  Canto a Borinquen
5.  Cosas del campo
6.  Llegó la Navidad
7.  Volvió Juanita
8.  Pa' los pueblos
9.  Caminan las nubes
10. La botellita
11. Ojos Chinos
12. Boricua en la luna

D.E. 1, D.E. 51.

Plaintiffs further contend that these songs were used by defendants in the 1995, 2001, 2004, 2005, 2010, and 2012 Christmas Specials, specifically, that songs 1-10 listed above were used in the 1995-2005 Christmas Specials,[2] "Ojos Chinos", the eleventh song, was used in the 2010

---

[1]There is no need to address other arguments in support of summary judgment.

[2]At D.E. 51, pp. 3-4, Plaintiff includes a table of the songs and the Christmas Specials in which they were allegedly infringed.  Given that we are granting summary judgment as to Songs 1 through 10 on statute of limitations grounds, for purposes of this order we have assumed without deciding that

CIVIL 13-1822CCC                              3

Christmas Special, and "Boricua en la luna", the twelfth song, was used in the 2012 Christmas Special.  Id.

### A.  STATUTE OF LIMITATIONS DEFENSE AS TO SONGS 1 THROUGH 10 USED IN THE 1995, 2004 AND 2005 CHRISTMAS SPECIALS

Defendants aver that all claims concerning songs 1-10 are time-barred based on the Copyright Act's three year statute of limitations, the dates the referenced Specials were broadcast and first sold, and the absence of evidence of sales within the three year period immediately preceding the filing of the complaint.  The Court finds that the copyright infringement claims related to Songs 1-10 are time-barred and are, therefore, DISMISSED.

The Copyright Act, 17 U.S.C. §507(b), provides that "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."  The First Circuit has held that copyright claims accrue "when the plaintiff knows or has reason to know of the act which is the basis for the claim."  Santa-Rosa v. Combo Records, 471 F.3d 224, 227 (citations omitted).  The U.S. Supreme Court recently explained that a copyright claim accrues when an infringing act occurs.  Petrella v. MGM, 134 S. Ct. 1962, 1969 (2014).[3]

_____

plaintiffs have rights over such songs, that they were in fact used in those Christmas Specials, and that plaintiffs have valid registrations for each song.

[3]The Supreme Court took notice that although it had not passed on the question, nine of the Court of Appeals –including the First Circuit in pre-Petrella cases, see, e.g., Santa-Rosa, 471 F.3d 224– had adopted, as an alternative to the incident of injury rule, a discovery rule which starts the limitations period when the plaintiff discovers or with due diligence should have discovered the injury that forms the basis for the claim.  Petrella, 134 S. Ct. at note 4.  The facts discussed lead us to conclude that upon applying either the incident of injury rule or discovery rule, we reach the same determination that the limitations period regarding infringement of Songs 1-10 started to run upon distribution of the 1995, 2001, 2004, and 2005 Christmas Specials.

CIVIL 13-1822CCC                    4

Defendants assert in their Statement of Uncontested Facts that the 1995, 2001, 2004, and 2005 Christmas Specials (featuring Songs 1-10) were produced and *broadcasted* on television during the 1995, 2001, 2004, and 2005 Christmas seasons and later sold in audio and film format at Banco Popular branches.  See D.E. 33, ¶¶ 13-16, 21, 36, 74, 140.  They have submitted an unsworn declaration under penalty of perjury executed by María T. Rullán in support thereof, affirming that Banco Popular has not sold the 1995, 2001, 2004, and 2005 Christmas Specials since before October 28, 2010, which is three years before the filing of the complaint.  See D.E. 33, ¶¶ 16, 25, 37, 75, 141 and D.E. 33-10, ¶ 11.[4]

Plaintiffs accept as undisputed that the 1995, 2001, 2004, and 2005 Christmas Specials were produced and aired in those years and sold during those Christmas seasons in audio and film format through Banco Popular branches.  See D.E. 50, ¶¶ 13-16, 21, 36, 74, 140.  They take issue, however, with the assertion that the audio and/or film versions of the Christmas Specials were withdrawn from sale at bank branches and that Banco Popular has not sold the 1995, 2001, 2004, and 2005 Christmas Special since before October 28, 2010.  Id. at ¶¶ 16, 22-25, 37-38, 75, 141.  They do not offer any evidence to controvert these assertions.  Specifically, they have offered no

_____

[4]Co-defendant Fundación has further averred that it does not sell and has not sold the Christmas Specials at issue nor produced or distributed them.  See D.E. 33 ¶ 20 and D.E. 33-9 ¶¶ 4-5.  At D.E. 50 ¶ 20, Plaintiffs nominally disputed such factual averment, but failed to include any evidence, whether through affidavit or otherwise, that would actually controvert Defendants' factual assertion on this point.  Instead, Plaintiffs argued  that Ms. Polhamus' statement (which is the evidentiary support for the factual statement that Fundación does not participate in the production, sale, or distribution of the Christmas Specials) should be disregarded as inadmissible hearsay because she is an employee of Popular, Inc., and not of any of the defendants.  As discussed in more detail with regards to Ms. Rullán's statement, Plaintiffs' argument is incorrect.  Plaintiffs have provided no evidence to controvert the Polhamus' statement.

CIVIL 13-1822CCC                    5

evidence that the 1995, 2001, 2004, and 2005 Christmas Specials were sold within the three year term immediately preceding the filing of the complaint. Plaintiffs have admitted that the evidence they had of sales of such Christmas Specials was limited to a handful of receipts, all dated before October 28, 2010.  See D.E. 50, ¶¶ 22-24, 38-50, 75-81, 141-146; see also D.E. 33-6 through D.E. 33-8.

Plaintiffs attempted to dispute defendants' assertions of fact with regards to the limitations issue by:  (1) including a draft of a statement by Raul Bernard which referenced a purchase of the 1995 and 2005 Christmas Specials in June and July 2014 and (2) classifying the Rullán statement as inadmissible hearsay.  The Bernard's statement (D.E. 50-1) is unsigned.  Neither Bernard, who appears as the intended signatory, nor anyone else has declared under penalty of perjury as to the facts mentioned in the statement.

Regarding plaintiffs' objection to the Rullán statement as hearsay, Fed. R. Civ. P. 56(c)(2) provides that a party may oppose summary judgment by objecting that a movant's factual assertion is not supported by admissible evidence.  They argue that her statement is inadmissible hearsay because she is an employee of Popular, Inc., a non-party, and not an employee of either defendant.  See D.E. 51, p. 4.  Plaintiffs do not identify which part of the Rullán affidavit is inadmissible hearsay.  They discount the entire statement on the basis that she is not an employee of BPPR.   Declarant's employment relationship, alone, is not indicative of hearsay nor does it otherwise render the statement inadmissible.  Her sworn statement is about her being familiar with the production and sale of the Christmas Specials and that she heads the division that is in charge of the production and distribution of the Christmas Specials.  See D.E. 33-10.  Her status as an employee of Banco Popular's

CIVIL 13-1822CCC                    6

parent company, Popular, Inc., and not of Banco Popular itself, has no significance in this context.  The lack of a formal employment relationship with Fundación is even less relevant.  <u>See</u> D.E. 33 at ¶ 20.[5]

More importantly, plaintiffs have not controverted defendants' factual assertion regarding the sales of the Christmas Specials during the limitations period.  **They did not submit any evidence that the 1995, 2001, 2004, and 2005 Christmas Specials were sold during the period from October 28, 2010, which is the earliest date for which they could recover for infringement.**  Given that plaintiffs' evidence of infringing conduct is all dated earlier than October 28, 2010, their infringement claims related to the 1995, 2001, 2004, and 2005 Christmas Specials are time-barred.

### B.  CLAIM PRECLUSION/ISSUE PRECLUSION DEFENSE AS TO SONGS 11 AND 12 USED IN THE 2010 AND 2012 CHRISTMAS SPECIALS

We now consider plaintiffs' claims relating to the 2010 and 2012 Christmas Specials.  It is alleged that defendants infringed their copyrights by using the songs "Ojos Chinos" and "Boricua en la Luna" in the 2010 and 2012 Christmas Specials, respectively.  The infringement claims regarding those two songs, however, are barred by the doctrine of preclusion.

Federal law determines the effect of a prior federal judgment.  <u>Pérez v. Volvo Car Corp.</u>, 247 F.3d 303, 311 (1st Cir. 2001) (<u>citing</u> <u>Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n</u>, 142 F.3d 26, 37 (1st Cir. 1998)).  There are two different types of preclusion: claim preclusion, known as *res judicata*; and issue preclusion, known as collateral estoppel.  <u>See</u> <u>Grella v. Salem Five Cent Sav. Bank</u>, 42 F.3d 26, 30 (1st Cir. 1994).  Both prongs of the preclusion doctrine serve to protect litigants from additional litigation and to promote

---

[5]<u>See</u> Note 4.

CIVIL 13-1822CCC                          7

judicial economy.  See Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010) ("claim preclusion serves at least two important interests: protecting litigants against gamesmanship and the added litigation costs of claim-splitting, and preventing scarce judicial resources from being squandered"); Rodríguez García v. Miranda Marín, 610 F.3d 756, 770 (1st Cir. 2010) (issue preclusion doctrine "serves the twin goals of 'protecting litigants from the burden of relitigating an identical issue' and 'promoting judicial economy by preventing needless litigation.'") (citing Enrica v. Principi, 544 F.3d 328, 336 (1st Cir. 2008)).

Res Judicata or claim preclusion has three elements: "(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." Hatch v. Trail King Indus. Inc., 699 F.3d 38, 45 (1st Cir. 2012) (quoting Breneman v. U.S. ex rel. FAA, 381 F.3d 33, 38 (1st Cir. 2004)).  Claim preclusion bars relitigation of both claims that were actually made in an earlier suit and those that could have been made, even if the party decided not to include them.  See Raytheon, 601 F.3d at 14.

Collateral estoppel (issue preclusion), in turn, requires that the following elements be met: "(1) the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment." Ramallo Bros. Printing, Inc. v. El Día, Inc., 490 F.3d 86, 90 (1st Cir. 2007).  "The doctrine applies to issues of fact as well as those of law, and can apply where the subsequent proceeding involves a cause of action different from the first."

CIVIL 13-1822CCC                    8

Manganella v. Evanston Ins. Co., 700 F.3d 585, 591 (1st Cir. 2012) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980) and Comm'r v. Sunnen, 333 U.S. 591, 601 (1948)).

There is no longer a strict mutuality requirement for collateral estoppel. A defendant may invoke the doctrine defensively to prevent a plaintiff from asserting a claim that plaintiff has previously litigated and lost against another defendant. Rodríguez-García, 610 F.3d at 771 (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979)). Further, collateral estoppel "is no longer limited to ultimate issues: necessary *intermediate* findings can now be used to preclude relitigation." Id (quoting Biggins v. Hazen Paper Co., 111 F.3d 205, 210 (1st Cir. 1997)). A party may not defeat a collateral estoppel defense by claiming that it will present different evidence in this case than in the case it lost. Latin Am. Music Co. v. Media Power Group, Inc., 705 F.3d 34, 42 (1st Cir. 2013). If the evidence was available to the party opposing collateral estoppel at the time of the first action, it may not rely on such evidence to circumvent the doctrine. Id.

Defendants contend that plaintiffs are barred by both claim and issue preclusion from suing for infringement of the song "Ojos Chinos". Defendants cite to two cases as support for their preclusion argument: Latin Am. Music Co. v. Archdiocese of San Juan, 499 F.3d 32, 41-42 (1st Cir. 2007) and Banco Popular de P.R. v. Latin Am. Music Co., Civil No. 01-1142, Opinion and Order dated October 14, 2008, *aff'd* Banco Popular v. Asociación de Compositores y Editores de Música Latinoamericana, 678 F.3d 102 (1st Cir. 2012).

In Latin Am. Music Co. v. Archdiocese of San Juan, Civil No. 96-2312, ACEMLA and LAMCO sued the Archdiocese of San Juan claiming that, through its radio stations, it and other broadcasters were infringing the

CIVIL 13-1822CCC                      9

plaintiffs' copyrights in 51 songs.  Latin Am. Music Co., 499 F.3d at 35.  The case then expanded to include claims by other entities that were consolidated with the original case and that, collectively, related to the copyrights over more than 500 songs.  Id.  One of the songs at issue was "Ojos Chinos", by Rogelio Kito Vélez, the same song that plaintiffs now claim was infringed by defendants in the 2010 Christmas Special.  The District Court summarily decided that ACEMLA and LAMCO had a non-exclusive license over "Ojos chinos" and, therefore, lacked standing to bring a copyright infringement action.  See Latin Am. Music Co. v. Archdiocese of San Juan, 135 F. Supp. 2d 284, 303 (D.P.R. 2001) *aff'd in part, rev'd in part* Latin Am. Music Co., 499 F.3d 32. ACEMLA and LAMCO appealed such determination, and the First Circuit, while reversing in part, affirmed the District Court's determination that ACEMLA and LAMCO lacked standing to sue for copyright infringement over "Ojos Chinos". Latin Am. Music Co., 499 F.3d at 41-42 and 47.  A firm and final judgment exists determining that plaintiffs lack standing to sue for infringement of that particular song.

Given these circumstances, the Latin Am. Music Co. v. Archdiocese of San Juan bars re-litigation of the issue of Plaintiffs' standing to sue for infringement of "Ojos Chinos".  Plaintiffs are precluded by the doctrine of collateral estoppel from suing Defendants for infringement of "Ojos Chinos". Moreover, the Archdiocese case has already been cited as a bar to a prior claim between Plaintiffs and Banco Popular for infringement of the same song, "Ojos Chinos".  See D.E. 41-11 (Exhibit 74); Banco Popular v. Latin Am. Music Co., Civil No. 01-1142, October 14, 2008 Opinion and Order.  That case too ended with a final judgment on the merits which was affirmed by the First Circuit.  See Civil No. 01-1142, D.E. 636, D.E. 681 and Banco Popular v.

CIVIL 13-1822CCC                    10

<u>Asociación de Compositores y Editores de Música Latinoamericana</u>, 678 F.3d 102. *Res judicata* operates as an additional bar to plaintiffs' claims against defendants for infringement of "Ojos Chinos."

This brings us to the claim for infringement of "Boricua en la luna" and issue preclusion. Plaintiffs have repeatedly litigated and lost their ownership claim over that song, itself a key issue both in this case and in those others to determine whether plaintiffs have a viable claim for infringement of "Boricua en la luna". See <u>Brown v. Latin Am. Music Co.,</u> 498 F.3d 18 (1st Cir. 2007); <u>see also</u> <u>Latin Am. Music Co. v. Media Power Group,</u> 705 F.3d 34 (1st Cir. 2013). Because Plaintiffs' copyright ownership over "Boricua en la luna" has been actually litigated, was a key issue in prior litigation, as it is now, and has been decided against plaintiffs by way of a binding final judgment, plaintiffs are collaterally estopped from re-litigating the same issue yet again.

They argue that their claims should not be held barred by *res judicata* or collateral estoppel and that what they "may or may not have been able to establish in prior litigation is no indication of what they may be able to establish in this lawsuit." <u>See</u> D.E. 51, p. 12 and p. 13. The argument leads nowhere. Plaintiffs have not identified, much less provided, the evidence they would present in this case that is different than that already presented in earlier, failed attempts to establish ownership and/or standing to sue regarding "Ojos Chinos" and "Boricua en la luna." But, even if plaintiffs could muster new evidence to establish their ownership claim, that alone would be insufficient to defeat collateral estoppel. <u>See</u> <u>Latin Am. Music Co.,</u> 705 F.3d at 42. They would also have to show that the new evidence was not available at the time of the first judgment. <u>Id</u>. Plaintiffs have not even identified what is the different evidence which they "may or may not" include in this litigation to show ownership and

CIVIL 13-1822CCC                    11

standing to sue over "Ojos Chinos" and "Boricua en la luna", much less shown that such evidence was unavailable when they litigated the earlier cases.

For the reasons stated, the Court concludes that plaintiffs' claims for copyright infringement are barred by the Copyright Act's statute of limitations as to Songs 1-10 and precluded by *res judicata* and collateral estoppel as to Songs 11-12.  It was based on this conclusion that Defendants' Motion for Summary Judgment (**D.E. 32**) was GRANTED on September 30, 2015 (**D.E. 81**).

SO ORDERED.

At San Juan, Puerto Rico, on October 30, 2015.

S/CARMEN CONSUELO CEREZO
United States District Judge